NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KENNETH A. BAINBRIDGE,
           Plaintiff,

v.                                                                                  Civ. Action No. 06-6056 (KSH)

MID-STATE FILIGREE SYSTEMS INC.
           Defendant.                                  **OPINION & ORDER**

**Katharine S. Hayden, U.S.D.J.**

      This matter was opened to the Court by defendant's motion for summary judgment [D.E. 20]. Plaintiff's response was due on March 23, 2009, and he has failed to respond.[1] The Court issued an Order to Show Cause on October 9, 2009, requiring plaintiff to respond to the pending motion within 10 days. The Court directed the Clerk of the Court to serve a copy of the notification via certified mail with return receipt upon plaintiff. The notification was returned to the Clerk of the Court as undeliverable.

      Pursuant to Federal Rule of Civil Procedure (FRCP) 56(c), a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." New Jersey Local Civil Rule (L. Civ. R.) 56.1(a), as amended in 2008, requires that both the moving and non-moving parties

---

[1] Plaintiff was deposed on October 13, 2008. Following that, he participated in a telephonic conference with Magistrate Judge Patty Shwartz on October 17, 2008. He has not communicated with the Court or otherwise pursued his case since then.

furnish a statement identifying material facts so that the Court can determine if a genuine dispute exists. According to the commentary to the Rule, "[t]he Rule 56.1 statement is viewed by the Court as a vital procedural step, since it constitutes and is relied upon as a critical admission of the parties."

Defendant submitted a Rule 56.1 statement with its moving papers, asserting the following facts (internal citations are omitted):

1. Plaintiff brings this action for age discrimination.

2. Defendant hired plaintiff in 1987 to work as a concrete finisher at its plant.

3. Defendant discharged plaintiff on October 17, 2003.

4. Between October 17, 2003 and June 2004, plaintiff contends that he telephoned defendant seeking re-employment, but was not rehired.

5. In June 2004, plaintiff visited defendant's plant to inquire as to the availability of work.

6. At this visit, plaintiff spoke to defendant's Plant Manager, Jack Bowker, and Senior Vice President of Operations, Donald Matthews.

7. Plaintiff alleges that at this visit, Jack Bowker told him that he was not being rehired due to his age.

8. This is plaintiff's sole evidence of age discrimination.

9. Plaintiff did not file a claim with the New Jersey Division on Civil Rights under New Jersey Law Against [D]iscrimination until June 5, 2005.

10. Plaintiff did not file a charge with the Equal Employment Opportunity Commission [EEOC] until July 15, 2005, if not later.

11. More than 300 days elapsed between the date of plaintiff's conversation with Jack Bowker in June 2004, and the filing of his grievance with the EEOC in July 2005.

Fed. R. Civ. P. 56(e)(2) states: "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." Once a defendant has submitted moving papers, along with the requisite Rule 56.1(a)

statement, the burden shifts to the non-moving party to "furnish, with its opposition, papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement and disagreement . . ." L. Civ. R. 56.1(a). As the Rule's commentary states, "[t]he 2008 amendments . . . made it clear that there are serious consequences when parties fail to comply with the mandates of the rule." The consequence most relevant here is that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Because plaintiff has failed to respond, the Court is entitled to treat defendant's Rule 56.1(a) statement as uncontroverted.

Plaintiff's pro se status does not absolve him of the requirement of filing a proper opposition. "Even as to a pro se litigant, failure to file a counterstatement or response to an adversary's Rule 56.1 statement may result in a judicial assumption that the pro se litigant does not dispute the adversary's version of the facts." *See e.g., Hooten v. Schaaff*, 2008 U.S. Dist. LEXIS 34193 (D.N.J. Apr. 24, 2008) (Kugler).

Therefore, the Court will assume that plaintiff accepts defendant's version of the facts in its Rule 56.1 statement, which, significantly, defendant has supported by employee affidavits:

1. Affidavit of a Plant Manager at defendant's company who testified that: (1) he received reports from the field manager that plaintiff "was no longer able to perform his duties in a safe, competent, or timely manner"; (2) he told plaintiff on two separate occasions that "he could not be rehired due to risk of injury and his inability to complete his work"; and (3) he never told plaintiff he was not being rehired due to his age. (Jack Bowker Aff. ¶ 6, 8, 11-12.)

2. Affidavit of a Senior Vice President of Operations at defendant's company who testified that: (1) plaintiff appeared in his office unannounced sometime in June 2004; (2) plaintiff told him "that he had asked Jack Bowker to reinstate him, but that Mr. Bowker had refused"; and (3) the Vice President

        told plaintiff that he would "defer to Mr. Bowker's decision, because he was responsible for personnel." (Donald Matthews Aff. ¶ 5-8.)

The affidavits in context with the Rule 56.1 statement establish that the decision not to rehire plaintiff was justified and nondiscriminatory.

    Based on the undisputed evidence of record, defendant has demonstrated that its decision not to rehire plaintiff was not motivated by discrimination against him based on his age, and the Court grants summary judgment in its favor. The Clerk is directed to close this case.

    **SO ORDERED** this 12th day of November, 2009.

                                             /s/ Katharine S. Hayden

                                           Katharine S. Hayden, U.S.D.J.